IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| APRIL M. ALEXANDER-GILES | * | Case No.: 21-16774-NVA |
| | | Chapter 7 |
| Debtor | * | |
| * * * * * * * | | |
| JOHN FITZGERALD, III | * | |
| Acting United States Trustee | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary Case No.: 22-00148 |
| | * | |
| APRIL M. ALEXANDER-GILES | | |
| | * | |
| Defendant | | |
| * * * * * * * | | |

**LIMITED OPPOSITION TO THE UNITED STATES TRUSTEE'S
MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS**

April Giles, Debtor and Defendant (the "Debtor" or "Ms. Giles"), by and through undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 42, files this Limited Opposition to The United States Trustee's Motion to Consolidate Adversary Proceedings (the "Motion"), and in support thereof states as follows:

**Introduction**

The Debtor has no objection to the consolidation of the United States Trustee's adversary case against her with the consolidation the adversary case filed by Snowden Investors, LLC against her; Adversary Case No. 22-00071. However, the Debtor objects to the consolidation of any cases against Dawn Alexander into cases against the Debtor.

Ms. Alexander and the Debtor filed separate bankruptcy cases even though the Code

permitted them to file jointly. Given this decision, they should not be forced litigate district issues regarding their individual schedules in the same proceeding. The factual issues surrounding the Schedules and Statement of Financial affairs filed in two (2) separate cases by two (2) different individuals contain a prevalence of individual issues.

1. Admit.

2. Admit.

3. The Debtor admits that she and Dawn Alexander were legally married on June 11, 2021. However, the Debtor and Ms. Alexander legally separated in May, 2019. This separation pre- dates any of the bankruptcy filings. They have lived separately in different towns, both with separate single-person mortgages and apart since that date. The Debtor and Dawn Alexander: file taxes separately; administer separate bank accounts; separately control household duties and expenses; and do not engage in an interpersonal relationship that involves physical or emotional intimacy.

The Debtor and Ms. Alexander could have filed a joint case but they did not. Additionally, the Debtor has not had any interest with businesses owned by Dawn Alexander since 2019. The Debtor was not involved in the Chapter 11 case of Algits, Inc, which was filed by Dawn Alexander.

4. Denied. Further responding, the adversary proceedings filed by the United States Trustee allege specific misrepresentations on the Debtor's and Ms. Alexander's separately filed individual Schedules and Statement of Financial Affairs. The alleged misrepresentations by the Debtor and Ms. Alexander are not a set of common facts as they prepared and filed separate documents in separate cases. More significantly, any intent to mislead is specific to an individual and not a common fact or legal conclusion.

The alleged misrepresentations are specific to each set of Schedules and Statement of Financial Affairs. Those Schedules and Statement of Financial Affairs were completed separately by two different individuals with the assistance of difference bankruptcy counsel.

A specific example is that the United States Trustee has alleged that Dawn Alexander failed to disclose an interest in a timeshare and the transfer of property in the District of Columbia. These factual allegations are not contained in the complaint against the Debtor.[1] These are separate and unrelated facts.

Additionally, even if both Dawn Alexander and the Debtor concealed affiliated business interests as alleged by the Trustee, the factual matters in these cases would still be separate because the bankruptcy documents are were completed by two different individuals who made separate oaths upon signing. Further, the Debtor has not had any interest with Dawn Alexander's business since 2019 and therefore, any issues related to the alleged disposition of the business' assets cannot be a common fact. The fact that the Debtor had left the business almost two (2) years prior to filing negates a determination that there are common facts between the Debtor's and Ms. Alexander's cases.

To prevail in a case under section 727 of the Code, the United States Trustee must show that a debtor had the requisite intent to defraud creditors. Schaumburg Bank & Trust Co. v. Hartford, 525 B.R. 895 (Bank. N.D. Ill. 2015). Since the Debtor and Dawn Alexander filed separate cases and separate bankruptcy papers, this is a separate factual inquiry, unique to each of them. It is not an inquiry into common facts or law. The issues raised are different and therefore, the cases against the Debtor and Ms. Alexander should not be consolidated.

---

[1] The United States Trustee has also alleged that Dawn Alexander made false statements in the adversary case brought by Snowden Investments against her. This factual allegation is also absent from the complaint against the Debtor.

3

Given that the Debtor and Dawn Alexander filed separate cases, it is not fair to force them to litigate together. It would be prejudicial and could impact potential family law litigation between them.

5. Denied.

6. Denied.

7. Paragraph 7 contains a conclusion of law to which no response is required. Further responding, the Rule is not mandatory and the Court does not need to consolidate the cases. Given the different and specific allegations regarding the Debtor's and Dawn Alexander's Schedules and Statement of financial Affairs, there are a prevalence of individual issues which weigh against consolidation.

8. Paragraph 8 contains a conclusion of law to which no response is required. Further responding, the Rule is not mandatory and the Court does not need to consolidate the cases. Given the different and specific allegations regarding the Debtor's and Dawn Alexander's Schedules and Statement of financial Affairs, there are a prevalence of individual issues which weigh against consolidation.

9. Paragraph 9 contains a conclusion of law to which no response is required. Further responding, the Rule is not mandatory and the Court does not need to consolidate the cases. Given the different and specific allegations regarding the Debtor's and Dawn Alexander's Schedules and Statement of financial Affairs, there are a prevalence of individual issues which weigh against consolidation.

10. Paragraph 10 contains a conclusion of law to which no response is required. Further responding, the Rule is not mandatory and the Court does not need to consolidate the cases. Given the different and specific allegations regarding the Debtor's and Dawn Alexander's

Schedules and Statement of financial Affairs, there are a prevalence of individual issues which weigh against consolidation.

As noted, the Court has discretion to determine if consolidation is appropriate. In this case, it is not because separate facts predominate, as well as the impact of those facts on the law..

11. Denied. Further responding, Since the Debtor and Dawn Alexander filed separate bankruptcy documents, the adversary proceedings do not concern the same questions of fact. The alleged misrepresentations are specific to each individuals Schedules and Statement of Financial Affairs, therefore, the adversary proceedings do not concern the same questions of fact. Further whether the Debtor or Dawn Alexander had the requisite intent to defraud creditors is clearly a separate distinct fact and legal question.

Further, the United States Trustee's contention that it is seeking identical relief is not correct. While the Trustee does seek a denial of discharge under § 727 against the Debtor and Ms. Alexander, the basis of that denial is separate unrelated actions by them.

Additionally, the United States Trustee's contention that this will be more efficient is incorrect. The Debtor will be forced to review and investigate issues related to Dawn Alexander's Bankruptcy Schedules and Statement of Financial Affairs, engage in discovery, including possibly attending a deposition. The Debtor would likely not incur these significant costs if the cases remain separate.

As noted above, the Debtor, who has been separated from her spouse filed a separate case. For that reason alone, she should not be forced to litigate with Dawn Alexander.

12. Admit. Further responding, the Debtor states this an appropriate consolidation under Federal Rule Bankruptcy 7042. Both Snowden Investments and the United States Trustee

5

allege misrepresentations on the Debtor's Schedules. Therefore, the Debtor's intent is a common legal and factual issue for these two (2) adversary cases. By contrast, given the separate bankruptcy documents filed by the Debtor and Dawn Alexander, there are separate legal and factual issues surrounding the Debtor's and Dawn Alexander's intent.

13. The Debtor is without sufficient information to admit or deny the allegations in ¶ 13.

14. The Debtor admits that she opposes consolidation of her cases with the cases against Dawn Alexander. The Debtor is without sufficient information to admit or deny the remaining allegations in ¶ 14.

15. Denied.

16. As noted above, the Debtor objects to the consolidation and believes that there are a prevalence of individual issues against her and Dawn Alexander. Those differences preclude consolidation.

17. The Debtor is without sufficient information to admit or deny the allegations in ¶ 17.

18. All allegations not specifically admitted are denied.

### Conclusion

For the foregoing reasons, the Debtor respectfully requests that this Court enter an Order that denies the request to consolidate cases 22-00071 and 22-00148 with cases 22-00094 and 22-00142, and grants such other and further relief as justice and equity demand.

Respectfully submitted,

\s\ Richard B. Rosenblatt
Richard B. Rosenblatt, #04678
Linda M. Dorney, #12784
**The Law Offices of Richard B. Rosenblatt, PC.**
30 Courthouse Square, Suite 302
Rockville, MD 20850
(301) 838-0098
rrosenblatt@rosenblattlaw.com

*Counsel for April Alexander-Giles*

**Certificate of Service**

HEREBY CERTIFY that on the 27 day of December, 2022, that I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing, Limited Opposition to The United States Trustee's Motion to Consolidate Adversary Proceedings, will be electronically served by the Court's CM/ECF system on the following:

J. Dan Ford, Esquire
Office of the United States Trustee
101 West Lombard Street, Suite 2650
Baltimore, Maryland 21201

\s\ Richard B. Rosenblatt
Richard B. Rosenblatt